2

MARIO ZALDIVAR
C/O CA LEAGUE OF LATIN
AMERICAN CITIZENS (CALLAC)
5250 CENTURY BLVD. STE 603
LOS ANGELES CA 90045-5961
TEL: 305-986-3654

PLAINTIFF IN PROPRIA PERSONA



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Mario Zaldivar,

    Plaintiff,

-vs-

KeyBank, a Comptroller of the Currency chartered bank headquartered in Ohio, Evoq Properties, Inc. a California corporation formerly known as Meruelo Maddux Properties, Inc, a Delaware corporation, R7 Real Estate, Inc., a California corporation, Meruelo Family Trust, Richard Meruelo Trust, Richard Meruelo as Trustee of the Meruelo Family Trust and the Richard Meruelo Trust, 1248 Figueroa LLC, a Delaware limited liability company, and DOES 1 to 10, INCLUSIVE,

    Defendants

Case No. CV12-3611-CBM (SHx)

COMPLAINT

1. UNJUST ENRICHMENT
2. BREACH OF CONTRACT
3. FRAUD
4. 42 USC 1981
5. DECLARATORY
6. INSURANCE FRAUD UNDER 1871.7 OF THE CALIFORNIA CIVIL CODE

Plaintiff alleges as follows:

## JURISDICTION and PARTIES

1.    The United States District Court for the Central District of California has jurisdiction over this action by reason of a question of federal law, i.e. an action under 42 USC 1981 and because the action arose within this district.

2.    Plaintiff Mario Zaldivar (herinafter "Plaintiff") is a resident of the State of Florida, a naturalized citizen of the United States, and is Hispanic by ethnicity.


[COMPLAINT]

3

3. Defendant KeyBank (hereinafter "KeyBank") is a federally chartered banking institution headquartered in Ohio and charthered by the Comptroller of the Currency.

4. Defendant Evoq Properties, Inc., a California corporation formerly known as Meruelo Maddux Properties, Inc., a Delaware corporation (hereinafter "Evoq"), is a California corporation qualified to do business in the State of California and headquartered within the Central District of the California.

5. Defendant R7 Real Estate, Inc. (hereinafter "R7") is a California corporation (hereinafter "SC") headquartered in the Central District of the County of Los Angeles and the State of California.

6. Defendant KeyBank (hereinafter "KeyBank") is a federally chartered banking institution headquartered in Ohio and charthered by the Comptroller of the Currency.

7. Defendant Meruelo Family Trust (hereinafter "MFT") is a trust which upon the information and belief of Plaintiff is headquartered in Florida but which conducts business in California.

8. Defendant Richard Meruelo Trust (hereinafter "RMT") is a trust which upon the information and belief of Plaintiff is headquartered in Florida but which conducts business in California.

9. Defendant Richard Meruelo (hereinafter "Meruelo") is sued in his capacity as Trustee for MFT and RMT. At all times relevant herein, Defendant Evoq acted and omitted in ways and by means that granted and enabled Meruelo to exercise ostensible authority as defined in California Civil Code Section 2317 for at least seven (7) months after he ceased to exercise de facto authority over Evoq and its subsidiaries.

10. Defendant 1248 Figueroa Street, LLC (hereinafter "1248") is a Delaware limited liability company headquartered in Los Angeles County, California.

11. Plaintiff will amend this pleading pursuant to the provisions of the Federal Rules of Civil Procedure when the true full names and capacities of the Defendants named as Does 1-10 are ascertained. Defendants Does 1-10 inclusive are any and all individuals and/or entities whose true full names and capacities are unknown or not fully known to



[COMPLAINT]

4

Plaintiff Defendants KeyBank, MFT, RMT, 1248 and Meruelo are collectively referred to hereinafter as the "KeyBank Defendants."

12. In doing the acts and omissions alleged herein, Plaintiff alleges upon information and belief that each Defendant acted as the agent, employee, and/or servant of the other defendants in doing the acts and omissions alleged herein.

## FIRST CAUSE OF ACTION

## UNJUST ENRICHMENT

### Against KeyBank Defendants, Evoq and Does 1-10, Inclusive

13. Within the First Cause of Action for Unjust Enrichment, Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1-12, inclusive.

14. On or about 2009, Plaintiff entered into an agreement to perform consulting and management services with Evoq, which upon information and belief of Plaintiff is owned by the KeyBank Defendants, through negotiations and reaching agreements and understandings concerning the overall nature of a business relationship with Defendant Evoq's President and Chairman of the Board, Richard Meruelo. The essential elements of the agreement regarding Plaintiff's compensation for services on two projects amounted to $800,000.00 for one and $1,200,000.00 for the other.

15. Plaintiff performed all the services he was required to perform under the agreement except those which he was prevented from performing.

16. In performing Plaintiff's duties under the agreement, Plaintiff improved the value of the Defendants' properties and Defendants' benefitted from the intrinsic and extrinsic value of his intellectual work product. Defendants also received the proceeds of a fraudulent insurance claim that was proximately related to the work that Plaintiff performed.

17. On or about September 2011, Plaintiff was terminated by the Defendants from performing his work as agreed.

18. In doing the aforesaid acts and omissions, the KeyBank Defendants and Evoq



[COMPLAINT]

5

has been unjustly enriched at the expense and damage of Plaintiff, wherein, Plaintiff brings suit for general damages according to proof.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### Against KeyBank Defendants, Evoq and Does 1-10, inclusive

19. Within the Second Cause of Action for Breach of Contract by Anticipatory Default, Plaintiff reincorporates and re-alleges by reference each and every allegation contained within the preceding paragraphs 1-18, inclusive.

20. Plaintiff performed as agreed upon its obligations to the Defendants. As a proximate result of the acts and omissions of the KeyBank Defendants and Evoq as alleged herein, Plaintiff has been damaged in breach of its agreement for profit participation partnership with in an amount of at least $2,000,000.00 and in a total amount which shall be proven at trial.

21. 24. Plaintiff has been damaged by the acts and omissions of the KeyBank Defendants and Evoq, wherein Plaintiff is entitled to and does bring suit herein for general and special damages according to proof at trial.

## THIRD CAUSE OF ACTION
## FRAUD
### Against KeyBank Defendants, Evoq and Does 1-10, inclusive

22. Within the Third Cause of Action for Fraud, Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1-21, inclusive.

23. Plaintiff is informed and believes and thereon alleges that Defendant Evoq has ceased to be under the effective control of Richard Meruelo and the KeyBank Defendants and that effective control passed to Does 1-10, inclusive, on or about July 2011. However, at all times relevant herein, Defendant Evoq allowed, enabled, and failed to prevent the public at large and Plaintiff from believing in the ostensible authority of Meruelo and did not change the corporate name to Evoq (from Meruelo Maddux



[COMPLAINT]

6

Properties, Inc.) until on or about March 2012.

24. In reasonable reliance upon the ostensible authority of Meruelo and the aforementioned representations by Richard Meruelo to Plaintiff concerning the nature of the ongoing business relationship and partnership between Plaintiff, the KeyBank Defendants and Defendant Evoq, Plaintiff performed the services which he was obligated to perform according to contract.

25. In doing the acts and omissions alleged herein, the KeyBank Defendants and Evoq caused general and special damages to Plaintiff, wherein Plaintiff brings suit against the KeyBank Defendants and Defendant Evoq for general and special damages according to proof, and wherein the acts and omissions of Defendant Evoq were malicious and fraudulent, Plaintiff is entitled to bring suit for punitive and exemplary damages according to proof at trial.

## FOURTH CAUSE OF ACTION
## 42 USC 1981
### Against Defendant Evoq, R7, and Does 1-10, inclusive

26. Within the Fourth Cause of Action under the 42 USC 1981, Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1-10, inclusive.

27. In doing the acts and omissions alleged herein, Defendants engaged in a pattern and practice of discriminating against immigrants, non-Caucasian ethnic persons, and most egregiously against individuals and entities who of Latino/Hispanic descent and/or ownership. Defendants Evoq and R7 violated the rights of Plaintiff and its owners and employees under Article I, Sections 1 and 7 of the California Constitution, and Sections 51 and 51.5 and of the California Civil Code.

28. Plaintiff is entitled to bring suit for general, special, and punitive/exemplary damages on this cause of action, injunctive relief, as well as to sue for attorney fees and costs pursuant to Section 42 USC 1988.

## FIFTH CAUSE OF ACTION



[COMPLAINT]

7

## DECLARATORY RELIEF AND ACCOUNTING RE SECURITIES FRAUD AS DEFINED IN 17 C.F.R. § 240.10b-5 AGAINST KEYBANK DEFENDANTS, EVOQ, AND DOES 1-10 inclusive

29. Within the Fifth Cause of Action for Declaratory Relief re Securities Fraud as defined in 17 C.F.R. § 240.10b-5, Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1-28, inclusive.

30. In connection with the acts and omissions alleged herein, the KeyBank Defendants, Evoq, and Does 1-10 inclusive, utilized interstate commerce and the United States mail to employ devices, schemes, and/or artifices to defraud the Plaintiff into believing Plaintiff was purchasing secure and legitimate shares of the KeyBank Defendants by barter for labor in consideration for his longstanding business relationship, and their subsidiaries including Evoq, made untrue statements of material facts and/or omitted stating material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and/or dengage in acts, practices, and/or courses of business which operate frauds and/or deceits upon the Plaintiff in connection with the purchases of securities.

31. The KeyBank Defendants and Evoq have been and remain embroiled in a controversy over the ownership of various business entities and their assets including but not limited to the real estate that is at issue in this litigation. Plaintiff is informed and believes and thereon alleges that this controversy arose under the following circumstances:

(a) MFT, RMT, and Meruelo in some way, shape or form are the holders of a certain secured promissory note in the original principal amount of $33,000,000 dated January 30, 2007 (the "Note"), which Note was issued and delivered by the Meruelo Parties to KeyBank National Association ("KeyBank"). Pursuant to a Purchase and Sale Agreement dated April 21, 2009, the Note was sold, assigned and transferred by KeyBank to Belinda Meruelo, as evidenced by the indorsement by the Allonge dated



[COMPLAINT]

8

April 21, 2009 (the Allonge") affixed to the Note.

(b)     The obligations under the Note are secured by a series of assignments of interests in the shares of MMPI by the Meruelo Parties to KeyBank (the "Assignments") by which Assignments the Meruelo Parties pledged and delivered to KeyBank the original share certificates.

(c)  By the letter of instructions dated January 30, 2007, the Meruelo Parties gave MMPI, and MMPI agreed to, irrevocable instructions to pay to KeyBank, all of the proceeds of the shares of stock that 20 had been assigned by the Meruelo Parties to KeyBank.

(d)     By Acknowledgements dated January 30, 2007, MMPI acknowledged its receipt of and agreement to the assignment of stock interests to KeyBank.

(e)     On April 22, 2009, pursuant to that certain Assignment of Loan Documents, Belinda Meruelo assigned the Note and all collateral securing the Note to 1248 Figueroa.

(f)     By virtue of the Allonge, Assignments, Letter of Instructions, Acknowledgements (Exhibit D), and the Assignment of Loan Documents, Defendant now holds a security interest in all of the shares     of stock in MMPI (Evoq) issued to or owned by the Meruelo Parties.

(f)     Defendant 1248 perfected its interest in the share certificates by taking possession of the certificates. 1248 or its predecessors in interest also filed  UCC-1 Financing Statements for each pledge and assignment of the share certificates.

(g)     1248's interest was perfected prior in time to the Order of the Los Angeles Superior Court assigning to Canpartners up to $1,360,000 of the proceeds of  a sale of the share certificates.

(h)     By that certain Forbearance Agreement dated as of April 22, 2009, and as amended by the Amendment to Forbearance Agreement dated as of April 30, 2011, the Meruelo Parties acknowledged and agreed that defaults or Events of Default as defined therein have existed and continue to exist under the Note, and under the Loan



[COMPLAINT]

9

Documents, as defined therein.

(i) 1248 has declared a default on this note and has filed an action to foreclose on the $40,000,000.00 it now contends that it is owed.

32. By reason of the foregoing Plaintiff is entitled to:

(a) An accounting to determine the portion of shares, securities, and/or other ownership rights that Plaintiff is entitled to;

(b) Judicial determination as to who are the legitimate controlling owners of EVOQ and its subsidiary business entities;

(c) Judicial determination of whether the provisions of 17 C.F.R. § 240.10b-5 were violated by any party to this action;

(d) Judicial determination of the rights of each party as to each other party to this action.

## SIXTH CAUSE OF ACTION
## INSURANCE FRAUD UNDER 1871.7 OF THE CALIFORNIA CIVIL CODE
### Against the KeyBank Defendants, Evoq, and Does 1-10, inclusive

33. Within the Sixth Cause of Action under Section 1871.7 of the California Insurance Code, Plaintiff reincorporates and re-alleges as though fully set forth herein, each and every allegation contained within the preceding paragraphs 1-32, inclusive.

34. Defendants made a claim for insurance benefits for the repair of a property that had been damaged by rain. Defendants falsely misrepresented and exaggerated the amount and extent of the damage to the building on the property to receive a larger than necessary payment from an insurance company. When Plaintiff exposed this fraud to businesses that had been ejected from the property as part and parcel of Defendants' fraud, Defendants retaliated against Plaintiff in a mixed motive scenario involving both discrimination and whistleblower retaliation, by cancelling Plaintiff's agreement and withholding payments that Plaintiff was due under that agreement.

35. Plaintiff is entitled to compensation under the provisions of Section 1871.7 of the California Civil Code on this cause of action, including costs and attorney fees.



[COMPLAINT]

9

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

1. For judgment for Plaintiff and against Defendants and each of them;

2. For general damages according to proof on the First through Fourth Causes of Action, inclusive;

3. For special damages according to proof on the First through Fourth Causes of Action, inclusive;

4. For punitive and exemplary damages according to proof on the Third and Fourth Causes of Action;

5. For declaratory relief and an accounting as sought in the Fifth Cause of Action;

6. For compensation and attorney fees as sought pursuant to Section 1871.7 of the California Civil Code on the Sixth Cause of Action.

7. For such other and further relief as to the court may seem just and proper;

8. For reasonable attorney fees and costs of the suit herein as provided in 42 USC 1988.

_[signature]_ 4-25-12

Mario Zaldivar

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 3611 CBM (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Mario Zaldivar
c/o California League of Latin American Citizens
5250 Century Blvd. Ste. 603
Los Angeles CA 90045-5961
Tel: 305.986.3654
Plaintiff in propria persona

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Mario Zaldivar,

PLAINTIFF(S)

v.

KeyBank, a Comptroller of the Currency chartered bank headquartered in Ohio, Evoq Properties, Inc. a California corporation formerly known as Meruelo
See Attachment

DEFENDANT(S).

CASE NUMBER

CV12-3611-CBM(SHx)

SUMMONS

TO: DEFENDANT(S): See Attached

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __MARIO ZALDIVAR__, whose address is __c: California League, 5250 Century Blvd #603 LA CA 90045__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __4-30-12__    By: _____
                          Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

2

MARIO ZALDIVAR
C/O CA LEAGUE OF LATIN
 AMERICAN CITIZENS (CALLAC)
5250 CENTURY BLVD. STE 603
LOS ANGELES CA 90045-5961
TEL: 305-986-3654

PLAINTIFF IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Mario Zaldivar, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT |
| -vs- | 1.     UNJUST ENRICHMENT |
| KeyBank, a Comptroller of the Currency chartered bank headquartered in Ohio, Evoq Properties, Inc. a California corporation formerly known as Meruelo Maddux Properties, Inc, a Delaware corporation, R7 Real Estate, Inc., a California corporation, Meruelo Family Trust, Richard Meruelo Trust, Richard Meruelo as Trustee of the Meruelo Family Trust and the Richard Meruelo Trust, 1248 Figueroa LLC, a Delaware limited liability company, and DOES 1 to 10, INCLUSIVE, | 2.     BREACH OF CONTRACT<br>3.     FRAUD<br>4.     42 USC 1981<br>5.     DECLARATORY<br>6.     INSURANCE FRAUD UNDER 1871.7 OF THE CALIFORNIA CIVIL CODE |
| Defendants | |

Plaintiff alleges as follows:

### JURISDICTION and PARTIES

1. The United States District Court for the Central District of California has jurisdiction over this action by reason of a question of federal law, i.e. an action under 42 USC 1981 and because the action arose within this district.

2. Plaintiff Mario Zaldivar (herinafter "Plaintiff") is a resident of the State of Florida, a naturalized citizen of the United States, and is Hispanic by ethnicity.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

MARIO BALDIVAR

**DEFENDANTS**

KEY BANK, ETC. ET AL

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

5250 CENTURY #603
LOS ANGELES CA 90045

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FRAUD BREACH OF CONTRACT BY KEY BANK, ET AL

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

---

CV12-3611

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 4-25-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |